AB:RAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

CHARLES LIGGINS,

        Defendant.

------------------------------X

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

Case No. 20-M-206

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

        JASON LANDUSKY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

        On or about February 23, 2020, within the Eastern District of New York, the defendant CHARLES LIGGINS, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce one or more firearms, to wit, a loaded .25 Caliber Phoenix semi-automatic pistol.

        (Title 18 United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about November 7, 2019, the NYPD issued a Probable Cause Investigation Card ("PC I-Card") for the defendant CHARLES LIGGINS as a result of a report from a complaining witness that LIGGINS had menaced the complaining witness with what appeared to be a firearm.

3. On or about February 23, 2020, officers[2] from the NYPD (collectively, the "officers") who were aware of the PC I-Card, located a vehicle known to be used by the defendant CHARLES LIGGINS in Brooklyn at the cross-section of Bergen Street and Fourth Avenue. The officers went to that intersection in an attempt to apprehend LIGGINS on the outstanding PC I-Card.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] For convenience I use titular designations to refer to the law enforcement personnel who was involved in the arrest of this defendant. The identity of each of these individuals is known to me, and I interviewed or was present at interviews of each of them about the events described herein.

4. During a search of the defendant CHARLES LIGGINS incident to this lawful arrest, an officer found a loaded .25 Caliber Phoenix semi-automatic pistol in LIGGINS's back pants pocket.

5. I have reviewed the defendant CHARLES LIGGINS's criminal history, which revealed that (1) on or about May 20, 2014, the defendant CHARLES LIGGINS was convicted of operating a motor vehicle under the influence of alcohol, in violation of New York Vehicle and Traffic Law § 1192, a class E felony and, on July 1, 2014, was sentenced to five years probation; (2) on or about January 24, 2001, the defendant CHARLES LIGGINS was convicted of criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law ("NYPL") § 265.02, a class D felony and, on March 8, 2001, was sentenced to five years probation; (3) on or about July 6, 1983, the defendant CHARLES LIGGINS was convicted of criminal sale of a controlled substance in the fourth degree, in violation of NYPL § 220.34, a class C felony and, on the same day was sentenced to a term of three to six years in custody; and (4) on or about November 27, 1979, the defendant CHARLES LIGGINS was convicted of burglary in the third degree, in violation of NYPL § 140.20, a class D felony and, on the same day was sentenced to five years probation.

6. I have conferred with a Nexus expert, an ATF Special Agent, who has informed me, in substance and in part, that the recovered firearm was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests that defendant CHARLES LIGGINS may be dealt with according to law.

*JASON LANDUSKY*
Detective
New York City Police Department

Sworn to before me this
27th day of February, 2020

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK